(116 So. 327)

**BURGESS v. STATE.** (7 Div. 457.)

Court of Appeals of Alabama. Feb. 14, 1928.

Rehearing Denied March 6, 1928.

Frank B. Embry, of Pell City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The contention is made that defendant was not allowed to show on cross-examination of state's witness Kitchens a financial interest on the part of Kitchens in the conviction of defendant. This is not sustained by the record. The straight salary paid to Kitchens as a general deputy by the sheriff of the county was an immaterial inquiry, but in any event the next answer of the witness disclosed his financial interest in prosecutions for violating prohibition laws which met any possible objection.

■ The conviction of defendant did not depend upon the testimony of state's witness Kitchens alone; therefore, a charge which instructed the jury, "Unless you are satisfied from the evidence beyond a reasonable doubt that the testimony of state's witness Kitchens is true, you must find defendant not guilty under count 1 of the indictment," was properly refused.

■ Refused charge, which we have numbered 10, is invasive of the province of the jury. The correct rule was given to the jury by the court in his general charge.

■ We find no exception to the court's oral charge, and hence we do not pass upon the contention in appellant's brief relative thereto.

There was evidence sufficient to convict under either or both counts of the indictment, and hence affirmative charges requested by defendant were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.